## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL SCHWARTZ**, *an individual,*

        *Plaintiff,*

v.

**AR Bhalli LLC**, *a California Corporation,*

**Atif Bhalli**, *an individual,*

And

**Does 1-10,**

        *Defendants*

**Civil Action 1:25-cv-012**

**Judge Matthew McFarland**

**Magistrate Judge Bowman**

## PLAINTFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AR BHALLI LLC AND ATIF BHALLI

Plaintiff, Michael Schwartz, respectfully requests that pursuant to FED. R. CIV. P. 55(b)(2) the Court enter default judgment against Defendants, AR Bhalli LLC and Atif Bhalli ("Defendants"), on Counts I through IX of Plaintiff's Complaint. Default judgment is warranted because Defendant has failed to appear, answer, or otherwise plead in response to Plaintiff's Complaint, as more fully set forth in Plaintiff's accompanying Memorandum of Law. Plaintiff relies

on the accompanying memorandum of law, declaration of Plaintiff and evidence contained within and affixed to the declaration in support of this Motion. A proposed Order is attached hereto.

April 23, 2025

Respectfully submitted,

Michael Schwartz
Plaintiff Pro Se
1400 Reading Road #1111
Cincinnati, OH 45202
(817) 600-6805
tcpacorrespondence@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2025 I filed the foregoing document with the Clerk of the Court. Which when entered by the Clerk will generate notices of filing to any party or individual who has requested to receive notices for this case. **I FURTHER CERTIFY** that on this 23 day of April, 2025, a true and correct copy of the foregoing document was sent via certified mail to Defendants AR Bhalli LLC and Atif Bhalli at the address listed in the Service List below.

Michael Schwartz
Plaintiff Pro Se
1400 Reading Road #1111
Cincinnati, OH 45202
(817) 600-6805
tcpacorrespondence@gmail.com

<u>**SERVICE LIST**</u>

**Michael Schwartz v. AR Bhalli LLC et al.**

**United States District Court, Southern District of Ohio**


Atif Bhalli, individually and as registered agent of AR Bhalli LLC
741 Irolo St. Apt. 422
Los Angeles, CA 90005

*Defendants*
*Service via certified U.S. Mail*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL SCHWARTZ,** *an individual,*

        *Plaintiff,*

v.

**AR Bhalli LLC,** *a California Corporation,*

**Atif Bhalli,** *an individual,*

And

**Does 1-10,**

        *Defendants*

**Civil Action 1:25-cv-012**

**Judge Matthew McFarland**

**Magistrate Judge Bowman**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AR BHALLI LLC AND ATIF BHALLI

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Michael Schwartz ("Plaintiff" or "Schwartz") hereby submits this Memorandum of Law in support of his Motion for an Entry of Default Judgment against Defendants AR Bhalli LLC and Atif Bhalli (each a "Defendant," collectively, "Defendants").

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of Hamilton County, Ohio. [Dkt. 1 at ¶ 11]. Defendant AR Bhalli LLC is a California corporation with its principal place of business located at 741 Irolo St. Apt. 422 Los Angeles, California. [*Id.* at ¶ 12]. Defendant Atif Bhalli owns, operates, directs, and controls Defendant AR Bhalli LLC and resides at 741 Irolo St. Apt. 422 Los Angeles, California [*Id.* at ¶ 13].

Plaintiff's telephone number (XXX) XXX-6805 ("the 6805 number") is listed on the National Do Not Call Registry [*Id.* at ¶ 89]. Plaintiff is the sole and customary user of the 6805 number. [*Id.* at ¶ 78]. The 6805 number is for personal use and is not associated with a business. [*Id.* at ¶ 79]. Plaintiff's 6805 number was placed on the National Do Not Call Registry on May 24, 2021. [*Id.* at ¶ 87]; *see also* Exh. 1.

Beginning on or about January 25, 2023, one or more Defendants began placing unsolicited telemarketing calls to Plaintiff's phone number [*Id.* at ¶ 61]. Between the time period of January 25, 2023, and November 15, 2023, Plaintiff received twenty-one (21) individual telemarketing calls from one or more Defendants, all through the use of an automated system for the selection or dialing of telephone numbers. [*Id.* at ¶ 63]. Plaintiff received an additional phone call from Defendant, or Defendant's agent, on or about July 16, 2024. [*Id.* at ¶ 70]. Between December 18, 2024, and January 3, 2025, Plaintiff received five (5) additional phone calls from Defendant, or Defendant's agent. [*Id.* at ¶ 71]. To transmit the telephone calls to Plaintiff's phone number, Defendants

used an automated telephone dialing system ("ATDS"). [*Id*. at ¶ 72]. Recordings of calls 1-22 have been submitted as evidence. Exh. 2.

Defendant did not have Plaintiff's prior express written consent to transmit telephone calls to Plaintiff's phone number. [*Id*. at ¶ 74]. No prior business relationship exists between Plaintiff and one or more Defendants. [*Id*. at ¶ 75]. Defendants' unsolicited calls to Plaintiff's phone caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, among other injuries, inconveniences, and disruptions to Plaintiff's personal life. [*Id*. at ¶ 85]. Defendant hounded Plaintiff with persistent calls. [*Id*. at ¶ 86]. Defendants continued calling Plaintiff despite Plaintiff's demand that Plaintiff's 6805 number be placed on Defendants' internal do not call list. [Id. at ¶ 64; Exh. 2: ARB Call 1 at 10 minutes 32 seconds]. Defendant Atif Bhalli used Defendant AR Bhalli LLC as a legal entity in an attempt to shield himself from personal liability while committing a scheme to defraud individuals and enrich himself. [*Id*. at ¶ 88]; *see also* Exh. 2: ARB Call 19. Defendant Atif Bhalli is liable for the harm caused by his actions. [*Id*. at ¶ 88].

During the unsolicited phone calls Plaintiff received from Defendants on October 26, 2023, October 30, 2023, and November 15, 2023, Defendants, or an agent of Defendant, provided the same call back phone number to Plaintiff: (325) 726-2644. Exh. 6: ARB Call 19, ARB Call 20, ARB Call 21. The odds of providing the same random 10-digit number three times are 1 in a quintillion ($1 \times 10^{18}$). During the phone call on

October 26, 2023, a Defendant or an agent of Defendant provided the name AR Bhali [sic] and AR Bhalli LLC's address for service of process. [Exh. 6: ARB Call 19 at 19:20 and 22:30]. Therefore, there can be no doubt that Defendants are the responsible parties that caused Plaintiff harm.

On January 13, 2025, Plaintiff filed this action against Defendants [*See* dkt. 1]. A Summons, together with a copy of the Complaint, was served upon the Defendants by a process server on January 25, 2025. [*See* dkt. 6]. Pursuant to Rule 4, Federal Rules of Civil Procedure, service of process was deemed to be complete on Defendants on February 18, 2025. Defendants have totally failed or refused to answer or otherwise defend.

Defendants have not filed an Entry of Appearance. Accordingly, on February 27, 2025, Plaintiff filed an Application to Enter Default. [Dkt. 6].

On the 28th day of February 2025, the Clerk of this Court, after reviewing the Application for Default and the supporting Affidavit, docketed entry of default against the Defendants. [Dkt. 7].

Plaintiff now seeks default judgment on his individual claims. Because Defendant violated 47 U.S.C. § 227(c) 27 times, Plaintiff is entitled to $13,500 (i.e., $500 x 27). Plaintiff respectfully requests that the violations be trebled to $40,500 (i.e., $1,500 x 27) due to the fact that Defendants knew, or should have known, that they did not have Plaintiff's express written permission or consent to place calls to Plaintiff's phone, particularly for the expressed purpose of offering a rate reduction on

Plaintiff's utility bill. Defendants' knowledge is based on the fact that AR Bhalli LLC and Atif Bhalli know they do not represent a utility provider and cannot authorize reduced utility payments on behalf of a utility provider. Furthermore, Plaintiff told Defendants, or an agent of Defendants, during the first unsolicited phone call to Plaintiff's 6805 number to place Plaintiff's 6805 number on Defendants' internal do not call list; therefore, Defendants acted knowingly and willfully.

## II. ARGUMENT

### A. Standard for Default Judgment

Pursuant to Rule 55, Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed. R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of default judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002).

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F. 3d 778, 780-81 (4th Cir. 2001). If liability is established, the court must then determine the appropriate amount of damages. *See id.* at 780-81. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. V. Freeman*, 605 F. 2d 854, 857 (5th Cir. 1979); see also *Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No WDQ-09-3174, 2010 U.S. Dist. LEXIS 38049 at *8 (D. Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

## B. Plaintiff is entitled to default judgment against the Defendants for his claims under 47 U.S.C. § 227(c).

Plaintiff's Complaint alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), specifically 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2), and 47 C.F.R. § 64.1200(d). Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to

implement methods and procedures for protecting those privacy right." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

The first of the regulations at issue in the Complaint prohibits the transmission of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…". 47 U.S.C. § 227(b)(1)(A). Another regulation referenced in the Complaint prohibits the initiation of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…". 47 U.S.C. § 227(b)(1)(B). While exemptions do exist, the Defendants have failed to appear and demonstrate how the exemptions apply to the calls they made to Plaintiff's phone number.

Here, Plaintiff's unchallenged factual allegations, taken as true, are sufficient to establish liability under the above regulations. To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a

residential telephone subscriber whose telephone number had been placed on the National Do-Not-Call Registry. U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## C. Plaintiff is entitled to default judgment against the Defendants for his claims under the Ohio Revised Code.

Plaintiff's Complaint alleges that the Defendants violated multiple Ohio state laws. ORC § 4719.02(A), ORC § 4719.02(D), ORC § 4719.06, ORC § 1345.02(A), ORC § 1345.02(B)(9), ORC § 4719.08(I), ORC § 1345.03.

ORC § 4719.02(A) requires telephone solicitors to obtain a registration certificate from the Ohio Attorney General and to obtain a surety bond to solicit Ohio residents by telephone. A copy of the surety bond must be on file with the Ohio Attorney General. Defendant AR Bhalli LLC was not registered with the Ohio Attorney General's Office[1] during the time period in which Defendants placed telephone calls to Plaintiff's phone number.

ORC § 4719.02(D) requires nonresident telephone solicitors to maintain a resident of the state of Ohio as a statutory agent for service of process. Defendants did not have a resident of the state of Ohio as its

---

[1] https://www.ohioattorneygeneral.gov/Business/Telephone-Solicitors

registered agent during the time period in which Defendants placed telephone calls to Plaintiff's phone number.

ORC § 4719.06 requires telephone solicitors within the first sixty seconds of a call to state that the purpose of a call is to effect a sale, identify the goods and services being sold, and state the solicitor's true name and the company on whose behalf the solicitation is being made. Defendants did not disclose the required information in the first sixty seconds of the phone call. Specifically, Plaintiff's unchallenged allegation is that Defendants did not, within the first 60 seconds of each phone call, disclose the true identity of the company on whose behalf the solicitation was made.

ORC § 4719.08(I) states that "[n]o telephone solicitor shall...[i]ntentionally block or intentionally authorize or cause to be blocked the disclosure of the telephone number from which a telephone solicitation is made. Plaintiff's unchallenged allegation is that Defendants engaged in number spoofing in order to hide their true identity.

ORC § 1345.02(A) states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Plaintiff's unchallenged allegation is that Defendants attempted to deceive Plaintiff by saying that they would pay Plaintiff's utility bill for six months if Plaintiff paid Defendant AR Bhalli LLC a one-time payment that would be less than a single month of Plaintiff's utility bill. In actuality, Defendants did not intend to pay Plaintiff's utility bill. Plaintiff, a renter, does not have

a utility bill as his rent includes utilities, which are in the name of the property owner. Defendants' statement (or the statement of Defendants' agent) that they could see Plaintiff's utility bill must be false as there is not an active utility account in Plaintiff's name.

ORC § 1345.02(B)(9) states that it is a deceptive act or practice for a supplier to tell an actual or potential customer that "the supplier has a sponsorship, approval, or affiliation that the supplier does not have." Defendant, or an agent of Defendant, stated that "AR Bhalli Services is a government program." In actuality, Defendant AR Bhalli LLC is not a government program. AR Bhalli LLC is a real estate company[2]. [Dkt. 1 at ¶ 3].

ORC § 1345.03(A) states that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction." ORC § 1345.03(B) states that "[i]n determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration: (5) [w]hether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier." Defendants knew that Plaintiff would not receive a benefit from the transaction proffered by one or more Defendants or an agent of Defendants. Defendants knew, or should have

---

[2] Interestingly, Plaintiff was not able to locate a California real estate license for AR Bhalli LLC or Atif Bhalli when searching the publicly available online database located at https://www2.dre.ca.gov/PublicASP/pplinfo.asp

known, of the inability of consumers to receive a substantial benefit (or any benefit) from the subject of the consumer transaction. Furthermore, Defendants called Plaintiff claiming to be offering a senior citizen's discount; thus, while Plaintiff is not a senior citizen, Defendants acted with the intent to target senior citizens.

### D. Plaintiff seeks judgment in the amount of $985, 500

Plaintiff received 27 telephone solicitations from Defendants or an agent of Defendants. In calendar year 2023, Plaintiff received 21 telephone calls from Defendants or their agent. From July 16, 2024, to January 3, 2025, Plaintiff received an additional six phone calls from Defendants or an agent of Defendants. Plaintiff's telephone number was registered on the National Do-Not-Call Registry well over 30 days before he started receiving phone calls from the Defendants or an agent of Defendants. Plaintiff seeks damages under 47 U.S.C. § 227(c) in the amount of $40,500. Plaintiff requests the Court treble damages due to the willful and knowing nature of Defendants' violations (27 calls x $500 x 3 = $40,500). Treble damages are warranted because Defendants' violations were committed willfully and knowingly. During the first phone call, Plaintiff told Defendants, or an agent of Defendants, to place Plaintiff's phone number on Defendants' internal do not call list. Exh. 2 Despite Plaintiff's demand, Plaintiff received 26 additional calls, was harassed by Defendants (or an agent of Defendants) [Exh. 2: ARB Call 1, ARB Call 2], was cussed at by Defendant

(or an agent of Defendant) [Exh. 2: ARB Call 1], and Defendant (or an agent of Defendant) told Plaintiff that Plaintiff needed to die [Exh. 2: ARB Call 2].

Each of the seven ORC violations committed during all 27 phone calls is eligible for a damages award of up to $5,000 ($5,000 x 7 x 27 = $945,000). Plaintiff seeks a total damages award of **$985,500** ($40,500 + $945,000 = $985,500).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter default judgment against the Defendants in the amount prayed for in the Complaint, plus interest, and for such other relief as the Court may deem necessary and appropriate.

April 23, 2025

Respectfully submitted,

Michael Schwartz
Plaintiff Pro Se
1400 Reading Road #1111
Cincinnati, OH 45202
(817) 600-6805
tcpacorrespondence@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2025 I filed the

foregoing document with the Clerk of the Court. Which when entered by

the Clerk will generate notices of filing to any party or individual who

has requested to receive notices for this case. **I FURTHER CERTIFY**

that on this 23 day of April, 2025, a true and correct copy of the

foregoing document was sent via certified mail to Defendants AR Bhalli

LLC and Atif Bhalli at the address listed in the Service List below.

Michael Schwartz
Plaintiff Pro Se
1400 Reading Road #1111
Cincinnati, OH 45202
(817) 600-6805
tcpacorrespondence@gmail.com

## SERVICE LIST

## Michael Schwartz v. AR Bhalli LLC et al.

## United States District Court, Southern District of Ohio

Atif Bhalli, individually and as registered agent of AR Bhalli LLC
741 Irolo St. Apt. 422
Los Angeles, CA 90005

*Defendants*
*Service via certified U.S. Mail*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL SCHWARTZ,** *an individual,*

        *Plaintiff,*

v.

**AR Bhalli LLC,** *a California Corporation,*

**Atif Bhalli,** *an individual,*

**Civil Action 1:25-cv-012**

**Judge Matthew McFarland**

**Magistrate Judge Bowman**

## DECLARATION OF MICHAEL SCHWARTZ

I, Michael Schwartz, duly declare pursuant to 28 U.S.C. § 1746 as follows:

1. I make this declaration in support of Plaintiff's Motion for Default Judgment Against Defendants AR Bhalli LLC and Atif Bhalli ("Defendants").

2. I am over 18 years of age and I am competent to testify and make this affidavit on personal knowledge.

3. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

4. I am the Plaintiff in the above-captioned lawsuit.

5. At all times relevant to this lawsuit, I was the sole and customary user of a cellular telephone with number (XXX) XXX-6805.

6. At all times relevant to this lawsuit, I used my cellular telephone with number (XXX) XXX-6805 primarily for residential purposes.

7. For example, I primarily use/used my cellular telephone with number (XXX) XXX-6805 to communicate with friends and family.

8. I registered my cellular telephone number (XXX) XXX-6805 on the National Do Not Call Registry on May 24, 2021, because I did not want to receive telemarketing calls, like the ones at issue in this action.

9. Attached as Exhibit 1 to this Declaration is an email confirmation that my telephone number is registered on the National Do Not Call Registry.

10. To the best of my knowledge, Atif Bhalli is not a member of the United States Military, is at least 18 years of age, and is not incompetent.

11. Attached as Exhibit 3 to this Declaration is a Department of Defense Status Report that confirms Atif Bhalli is not an active member of the United States military.

12. At no time did I ever provide prior express written consent (or any consent) to Defendant to call my cellular telephone for any purpose.

13. At no time before or after receiving the phone calls at issue in this action did I ever transact business with one or more Defendants.

14. Despite my phone number being registered on the National Do Not Call Registry and not providing express written consent to be contacted on my cellular telephone, as detailed below, I received a series of unwanted phone calls from the Defendants.

15. On January 25, 2023, I answered the phone. Defendants, or an agent of Defendants, solicited me to engage their services to receive a discounted utility bill. I advised Defendants, or an agent of Defendants, that I was not interested and instructed them to not call me again.

16. Furthermore, during the phone call on January 25, 2023, I instructed Defendants, or an agent of Defendants, to place my phone number on their company's internal do not call list.

17. Defendants, or their agent, continued to call me repeatedly.

18. In total, I received 27 unwanted calls from Defendants between January 25, 2023, and January 2, 2025.

19. During calendar year 2023, I received 21 unwanted calls from Defendants.

20.     I found these phone calls to be irritating, annoying and disruptive, particularly as my number was and is registered on the National Do Not Call Registry and as I had requested Defendant or the agent of Defendant to stop calling me.

21. I brought this case under the Telephone Consumer Protection Act ("TCPA"), seeking $1,500 for each call that was made in violation of Section 227(c) of the TCPA if determined to be willful. In my opinion, these

violations were willful as my number had been registered on the National Do Not Call Registry before I began receiving these calls and I never provided any form of consent to receive calls from Defendant. In addition, when I requested that my phone number be placed on Defendants' internal do not call list and that Defendants and their agents stop calling me, I was cussed at by Defendants, or their agent, and during a subsequent phone call was told that I needed to die. Furthermore, Defendants proceeded to call me in dozens of additional instances.

22.     I seek $1,500 in damages for each and every one of the 27 calls I received for a total of $40,500. Additionally, I seek $5,000 for each violation of the Ohio Revised Code that one or more Defendants, or their agents, committed for a total of $945,000.

23. Thus, the total damages I request to be awarded is $985,500.

24.     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Dated: 4/23/25

Michael Schwartz

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL SCHWARTZ**, *an individual*,

      *Plaintiff,*

v.

**AR Bhalli LLC**, *a California Corporation*,

**Atif Bhalli**, *an individual*,

And

**Does 1-10**,

      *Defendants*

**Civil Action 1:25-cv-012**

**Judge Matthew McFarland**

**Magistrate Judge Bowman**

## [PROPOSED] ORDER

**AND NOW**, upon review of Plaintiff Michael Schwartz's Motion for Default Judgment against Defendants AR Bhalli LLC and Atif Bhalli, and upon good cause shown, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment in favor of Plaintiff Michael Schwartz against Defendants AR Bhalli LLC and Atif Bhalli in the amount of $_____, plus post-judgment interest at the rate of _____ percent per annum, along with costs.

**SO ORDERED**, this _____ day of _____, 2025.

BY THE COURT:

_____

MATTHEW W. MCFARLAND
UNITED STATED DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on April <u>23</u>, 2025 I filed the

foregoing document with the Clerk of the Court. Which when entered by

the Clerk will generate notices of filing to any party or individual who

has requested to receive notices for this case. **I FURTHER CERTIFY**

that on this <u>23</u> day of April, 2025, a true and correct copy of the

foregoing document was sent via certified mail to Defendants AR Bhalli

LLC and Atif Bhalli at the address listed in the Service List below.

Michael Schwartz
Plaintiff Pro Se
1400 Reading Road #1111
Cincinnati, OH 45202
(817) 600-6805
tcpacorrespondence@gmail.com

<u>**SERVICE LIST**</u>

**Michael Schwartz v. AR Bhalli LLC et al.**

**United States District Court, Southern District of Ohio**

Atif Bhalli, individually and as registered agent of AR Bhalli LLC
741 Irolo St. Apt. 422
Los Angeles, CA 90005

*Defendants*
*Service via certified U.S. Mail*

**PLAINTIFF'S EXHIBIT 1**

**Plaintiff's Do-Not-Call Registry Verification**



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

ck to ftc.g

More Information | Privacy & Security | Home



## Registration Complete

You have registered the following telephone number in the National Do Not Call Registry:

(817) 600-6805

You may print this page if you wish to retain a copy for your records.

Back to ftc.gov | Privacy Policy

**PLAINTIFF'S EXHIBIT 3**

**Servicemembers Civil Relief Act Form**

Department of Defense Manpower Data Center

Results as of : Mar-25-2025 04:56:35 PM EDT

SCRA 5.24



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date: Dec-XX-1999
Last Name: BHALLI
First Name: ATIF
Middle Name:
Status As Of: Mar-25-2025
Certificate ID: BPYHSBCQ7B6J86T

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

**PLAINTIFF'S EXHIBIT 2**

**Plaintiff's Audio Exhibit**